## THE JERSEY CITY.[1]

### CORNELL STEAM-BOAT CO. v. THE JERSEY CITY.

*(District Court, E. D. New York.    November 11, 1890.)*

COLLISION—FERRY-BOAT AND TOW—CROSSING COURSES.
  A tug, with several boats in tow along-side, came down the North river, rounded to, and lay about 350 feet from the New York piers, holding herself against the ebb-tide, and waiting for the steam-boat City of N., which was coming up astern, to pass inside of her.  While so waiting, a ferry-boat, bound from Jersey City to New York, attempted to pass between the tow and the City of N., and her paddle-wheel struck the outside boat on the starboard side of the tug, causing it to sink.  *Held*, that the ferry-boat was liable for the damage.

In Admiralty.    Suit against the ferry-boat Jersey City for damage by collision.    See 43 Fed. Rep. 166.

*R. D. Benedict*, for libelant.

*Robinson, Bright, Biddle & Ward*, for claimants.

BENEDICT, J.    Upon the merits of this case, it need only be said that the libelant is entitled to a decree, unless the defense set up by the ferry-boat is maintained.    That defense is that there was room enough for the ferry-boat to pass between the tow and the City of Norwich in safety, on her way to her slip, but that she was prevented from passing in safety by the action of the tug in dropping down the stream, and thereby so narrowing the space between the City of Norwich and the tow as to make it impossible for the ferry-boat to pass without striking the stern of the tow as she did.    This defense, however, is not supported by the evidence.    The weight of the evidence is the other way.    There must therefore be a decree for the libelant, with an order of reference, to ascertain the damages.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.